```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

DIANA REED,

        Petitioner,

v.                                            Civil Action No. 5:09CV8
                                                (Criminal Action No. 5:06CR18)

UNITED STATES OF AMERICA,                   (STAMP)

        Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Background

The pro se[1] petitioner, Diana Reed, pleaded guilty to a single-count information of conspiracy to engage in interstate travel in aid of racketeering, in violation of 18 U.S.C. § 371, as well as a forfeiture allegation. The petitioner was sentenced to 60 months imprisonment. Instead of pursuing a direct appeal, the petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody.

This matter was referred to United States Magistrate Judge James E. Seibert for report and recommendation pursuant to Local Rule of Prisoner Litigation 83.15. On February 12, 2009, Magistrate Judge Seibert issued a report and recommendation recommending that the petitioner's § 2255 petition be denied and dismissed because it is untimely. The magistrate judge advised the

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendation within ten days after being served with a copy of the magistrate judge's recommendation. Neither party filed objections. For the reasons set forth below, this Court finds that the report and recommendation of the magistrate judge should be affirmed and adopted in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, because the parties have not filed objections, this Court reviews the report and recommendation of the magistrate judge for clear error.

## III. Discussion

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") of 1996, there is a one-year limitation period within which any federal habeas corpus motion must be filed:

The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if

the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Based on a review of the record and the applicable law, Magistrate Judge Seibert recommended that the petitioner's § 2255 petition be denied. Specifically, the magistrate judge applied the statute of limitations to the present case and found that the petitioner failed to file her federal habeas petition in a timely manner. Rather, the magistrate judge found the petitioner's federal habeas petition untimely because the petitioner filed the petition on January 22, 2009, almost eighteen months after the petitioner's time to file a federal habeas petition expired on July 10, 2007. The magistrate judge also found that the petitioner is not entitled to equitable tolling based on allegations that she filed her petition within one year of when she knew or could have known the government was not doing what it said it would do.

This Court finds no clear error in the position of the magistrate judge that the petitioner's § 2255 application is untimely and that the facts alleged by the petitioner do not support equitable tolling. "Equitable tolling is available only in 'those rare instances where--due to circumstances external to the

3

party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)). To be entitled to equitable tolling, a time-barred petitioner must show "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Id. In this case, the petitioner has failed to establish "extraordinary circumstances" beyond her control that made it impossible for her to file a petition on time. Accordingly, following review of the record and the parties' pleadings, this Court finds no clear error in the magistrate judge's recommendations. This Court concludes, therefore, that the magistrate judge's recommendations concerning the petitioner's § 2255 petition should be affirmed and adopted.

## IV. Conclusion

For the reasons set forth above, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the petitioner's § 2255 petition is DENIED as untimely and DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Thus, the petitioner's failure to

object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court. See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:   March 16, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE